UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| THE KING/MOROCCO | CIVIL ACTION |
| VERSUS | NO. 19-11796 |
| LOUISIANA CAPITOL POLICE | SECTION "R" (3) |

# ORDER AND REASONS

Plaintiff The King/Morocco opposes the Magistrate Judge's order denying him the privilege of proceeding *in forma pauperis* in this case. Having reviewed the complaint,[1] the application to proceed without prepaying fees or costs,[2] the applicable law, the Magistrate Judge's order,[3] and the plaintiff's motion objecting to that order,[4] the Court finds the plaintiff's objections to be without merit. Therefore, it is ordered that the plaintiff's motion to set aside the Magistrate Judge's order is denied.

---

[1] R. Doc. 1.
[2] R. Doc. 2.
[3] R. Doc. 3.
[4] R. Doc. 4.

## I. BACKGROUND

On July 22, 2019, the plaintiff filed a *pro se* complaint against the Louisiana Capitol Police asserting a cause of action under 42 U.S.C. § 1983.[5] In his complaint, the plaintiff alleges that the police officers in the Louisiana state capitol building used excessive force, illegally searched and arrested the defendant, and seized his vehicle in violation of his Fourth Amendment rights.[6] The plaintiff acknowledges he was accused of disturbing the peace and resisting arrest.[7] He seeks an award of $30,000,000.00 in certified gold bars.[8]

In pursuit of his § 1983 claim, the plaintiff filed an application to proceed in this matter *in forma pauperis*.[9] This application was automatically referred to the Magistrate Judge for review. Because the plaintiff reported $4,000 in income over the past twelve months and listed no expenses or debts, the Magistrate Judge denied the plaintiff's application.[10] The Magistrate Judge also noted that the plaintiff's claims are

---

[5] R. Doc. 1.
[6] *See id.* at 5.
[7] *See id.*
[8] *Id.* at 6.
[9] R. Doc. 2.
[10] *See* R. Doc. 3; *See also* R. Doc. 2.

prescribed on the face of the complaint.[11]  The plaintiff then filed a motion seeking review of the Magistrate Judge's order, which is before the Court.[12]

**II.  DISCUSSION**

The plaintiff first objects to the Magistrate Judge's order on the grounds that, notwithstanding the income he claimed on his pauper application, he is impoverished and should therefore be allowed to proceed *in forma pauperis*.[13]  The Court may authorize a litigant to proceed *in forma pauperis* if a party is unable to pay the Court's fees. 28 U.S.C. § 1915(a)(1).  The Court has wide discretion in denying an application to proceed *in forma pauperis*, particularly in civil cases where courts "should grant the privilege sparingly." *Flowers v. Turbine Support Div.*, 507 F.2d 1242, 1244 (5th Cir. 1975), *superseded by statute on other grounds*, Prison Litigation Reform Act, 28 U.S.C. § 1915(d).  The plaintiff's financial affidavit shows that his income was $4,000 last year, and that he has additional income of $576 from SNAP benefits.[14]  Moreover, the plaintiff noted that he has no regular monthly expenses, no dependents, and no debts or financial obligations.[15]

---

11    *Id.*
12    R. Doc. 4.
13    R. Doc. 4 at 2.
14    R. Doc. 2 at 1.
15    *Id.* at 2.

3

Because the plaintiff has sufficient income to pay the filing fee and no outgoing expenses, the Magistrate Judge was correct to deny the plaintiff's pauper application.

Additionally, the Magistrate Judge's observation that the plaintiff's claims are prescribed on the face of the complaint is correct.[16] As the Magistrate Judge correctly noted, § 1983 claims are subject to the prescriptive period of the state in which the underlying cause of action occurred.[17] *See Wallace v. Kato*, 549 U.S. 384, 387 (2007); *Kingham v. Pham*, 753 Fed. App'x 336, 336-37 (5th Cir. 2019). Here, the plaintiff's cause of action arose in Louisiana.[18] The plaintiff's claims are delictual in nature, and therefore subject to a prescriptive period of one year from the date the harm was alleged. *See* La. Civ. Code. art. 3492; *see also Eaglin v. Eunice Police Dept.*, No. 2017-1875, 2018 WL 3154744 (La. June 27, 2018) (treating a plaintiff's claims for false arrest and imprisonment as delictual actions subject to a one-year prescriptive period). The plaintiff alleges the underlying events took place on June 20, 2018, but he did not file suit until July 22, 2019.[19] Because the plaintiff did not file his complaint until more

---

16  R. Doc. 1.
17  R. Doc. 3.
18  R. Doc. 1 at 5.
19  R. Doc. 1 at 5.

4

than a year after the alleged harm, the Magistrate Judge is correct that the claims are prescribed on the face of the complaint. The plaintiff asserts that the Magistrate Judge's analysis is incorrect because he argues this is a "federal matter" and therefore the Court should "usurp" the Louisiana prescriptive period.[20] This argument is without merit, as it asks the Court to ignore caselaw which dictates that the Court apply Louisiana's prescriptive period here.

## III. CONCLUSION

For the foregoing reasons, the plaintiff's motion to set aside the Magistrate Judge's order is denied, and the Magistrate Judge's order is affirmed.

New Orleans, Louisiana, this __3rd__ day of October, 2019.

_Sarah Vance_
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE

---

[20] R. Doc. 4 at 4.